## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

---

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 12 cv 9509 |
| ) | |
| v. ) | |
| ) | HON. EDMOND E. CHANG |
| RESOURCES PLANNING GROUP, INC. ) AND ) | MAG. JUDGE SCHENKIER |
| JOSEPH J. HENNESSY, ) | |
| ) | |
| Defendants. ) | |

---

### JUDGMENT AS TO DEFENDANT JOSEPH J. HENNESSY

The Securities and Exchange Commission (Commission) having filed a Complaint and Defendant Joseph J. Hennessy (Defendant Hennessy) having entered a general appearance; consented to the Court's jurisdiction over Defendant Hennessy and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant Hennessy and his respective agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Judgment by

personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (Securities Act) [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## II.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Hennessy and his respective agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act of 1934 (Exchange Act) [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of

the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Hennessy and his agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Judgment by personal service or otherwise, are permanently restrained and enjoined from violating Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 (Advisers Act) [15 U.S.C. § 80b-6], by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, directly or indirectly:

(a)     employing any device, scheme, or artifice to defraud any client or prospective client; or

(b)     engaging in any transaction, practice, or course of business which

operates as a fraud or deceit upon any client or prospective client.

IV.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant

Hennessy and his respective agents, servants, employees, attorneys, and persons in

active concert or participation with him who receive actual notice of this Judgment

by personal service or otherwise, and each of them are permanently restrained and

enjoined, while acting as an investment adviser, by use of the mails, and the means

and instrumentalities of interstate commerce, directly or indirectly, from

knowingly, willfully, recklessly, or negligently from engaging in any act, practice or

course of business which is fraudulent, deceptive, or manipulative including, but

not limited to, making untrue statements of a material fact and/or omitting to state

a material fact necessary to make statements made, in the light of the

circumstances under which they were made, not misleading, to any investor or

prospective investor in a pooled investment vehicle; in violation of Section 206(4) of

the Advisers Act [15 U.S.C. §§ 80b-6(4)] and Rule 206-4(8) [17 C.F.R. § 275.206.4(8)]

thereunder.

V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that

upon motion of the Commission, the Court shall determine whether it is

appropriate to order disgorgement of ill-gotten gains and/or a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], and Section 209 of the Advisers Act [15 U.S.C. § 80b-9] and, if so, the amount(s) of the disgorgement and/or civil penalty. If disgorgement is ordered, Defendant shall pay prejudgment interest thereon, calculated from November 28, 2007, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

5

VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent of Joseph J. Hennessy is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant Hennessy shall comply with all of the undertakings and agreements set forth therein.

VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purpose of enforcing the terms of this Judgment.

Dated: May 7, 2013

_____
HONORABLE EDMOND E. CHANG
UNITED STATES DISTRICT JUDGE